UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOVAN DEMETRIUS FREDERICKS,

    Petitioner,

v.

    Case No.: 5:20-cv-401-Oc-27PRL
    Criminal Case No.: 5:18-cr-48-Oc-27PRL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Fredericks' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), the United States' Response (cv Dkt. 8), and Fredericks' Reply (cv Dkt. 9). Upon review, his § 2255 motion is **DENIED**.

## BACKGROUND

In 2019, a jury found Fredericks guilty of possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) (Count Two), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (cr Dkts. 32, 59, 80).[1] Prior to his sentencing, the Supreme Court held that a § 922(g) conviction requires the United States to prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

---

[1] The evidence at trial reflected that police officers found Fredericks at an apartment complex carrying a firearm, MDMA, marijuana, cocaine, and heroin. (cr Dkt. 94 at 22-24, 28, 56).

1

At sentencing, Fredericks challenged the application of the Armed Career Criminal Act (ACCA), contending that his prior convictions for sale of cocaine did not constitute "serious drug offenses" to support an enhancement because the crimes did not include a *mens rea* element.[2] (cr Dkt. 77 at pp. 23-24, 31); (cr Dkt. 97 at 4-5). The objection was overruled based on *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014). *See also Shular v. United States*, 140 S. Ct. 779 (2020). He also contended that his prior Florida conviction for possession with intent to sell or deliver cocaine within 1,000 feet of a church did not support the enhancement because the judgment did not include the relevant statute. (cr Dkt. 97 at 6-7). The objection was overruled because the judgment sufficiently identified the offense of conviction, which was for a serious drug offense. (Id. at 16). Fredericks was sentenced to 240 months imprisonment as to Counts One and Two, to run concurrently, and 60 months as to Count Three, consecutive to Counts One and Two. (Id. at 33-34); (cr Dkt. 80). On appeal, Fredericks challenged the denial of his motion to suppress evidence, and his convictions were affirmed. (cr Dkt. 101); *see United States v. Fredericks*, 806 F. App'x 967 (11th Cir. 2020).

In his § 2255 motion, Fredericks raises four grounds for relief: (1) the Superseding Indictment was defective for failing to reference 18 U.S.C. § 924(a)(2) and charge that, under *Rehaif*, he "had a 'knowingly' knowledge of a prior conviction, that barred [him] to knowingly possess a firearm"; (2) trial counsel was ineffective in failing to request a hearing under *Remmer v. United States*, 347 U.S. 227 (1954), based on "outside influence on the jury"; (3) trial counsel was ineffective in failing to request a continuance of his sentencing to allow time to find caselaw

---

[2] A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

2

relating to *Shepard* documents[3]; and (4) appellate counsel was ineffective in failing to move to dismiss the Superseding Indictment under *Rehaif*. (cv Dkt. 1 at 4-8). As the United States correctly contends, Ground One is procedurally defaulted and all grounds are without merit. (cv Dkt. 8).[4]

## STANDARD

To establish ineffective assistance of counsel, Fredericks must demonstrate that (1) counsel's performance was deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

In summary, Fredericks is not entitled to relief. Ground One is procedurally defaulted, and the Eleventh Circuit has held that an indictment charging a violation of 18 U.S.C. § 922(g) is not defective for failing to include § 924(a)(2). And notwithstanding any error under *Rehaif*, the record demonstrates that Fredericks was aware that he was a convicted felon during the § 922(g) offense.

---

[3] *Shepard v. United States*, 544 U.S. 13 (2005).

[4] An evidentiary hearing is unnecessary, since the § 2255 motion "and the files and records of the case conclusively show that [Fredericks] is entitled to no relief." 28 U.S.C. § 2255(b).

3

Further, he has not shown that counsel was ineffective in failing to request a *Remmer* hearing or a continuance of his sentencing.

***Ground One***

Ground One is titled "Defective indictment, violation of Defendant 'Due Process,' failed to allege each material element of offense." (cv Dkt. 1 at 4). Fredericks contends that the

> indictment failed to allege the substantive criminal statute 18 U.S.C. § 924(a)(2), which is a material element of a 18 U.S.C. § 922(g) offense. Also the indictment failed to alleged that [he] had a 'knowingly' knowledge of a prior conviction, that barred [him] to knowingly possess a firearm, which violated [his] right to make a fundamental choice regarding [his] defense.

(Id.). This claim is procedurally defaulted and without merit.

***Procedural Default***

Fredericks procedurally defaulted this claim by failing to raise it on direct appeal. *See* (cr Dkt. 101); (cv Dkt. 8-1). As the Eleventh Circuit has explained,

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (citations and internal quotation marks omitted). And prejudice requires a showing that errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

4

Fredericks explains that he did not raise this claim on appeal because "[a]ppellant counsel refused to raise this issue." (cv Dkt. 1 at 4). To the extent he contends that counsel's ineffective assistance constitutes cause, the contention is without merit. Indeed, because Fredericks' underlying claims have no merit, he is unable to establish that counsel rendered deficient performance or that he suffered prejudice resulting from the claimed deficient performance. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

First, the Eleventh Circuit has held that an indictment charging an 18 U.S.C. § 922(g) offense is not defective for failure to reference the penalty provision, § 924(a)(2). *See United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020); *see also United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). Second, Fredericks has not shown that his *Rehaif* claim has merit, and "[a]ppellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *Nyhuis*, 211 F.3d at 1344 (internal citation and quotation marks omitted).

Fredericks does not assert that when he possessed the firearm and ammunition he was unaware that he was a convicted felon. Rather, the record reflects that he admitted that he knew he was a convicted felon. (cr Dkt. 77 ¶ 12); *Innocent*, 977 F.3d at 1083 (finding relevant that defendant "told an officer at the scene that he was a felon"); *see also United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("Facts contained in a [presentence investigation report ("PSR")] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity."). He did not contend at trial that he was unaware that he could not possess a firearm, and he stipulated that he was a convicted felon during the offense. (cr Dkt. 89 at 2-3, 14-15). And his PSR reflected that he had several prior felony convictions, including for possession of a firearm and ammunition as a convicted felon, and that he had served more than

5

one year imprisonment on prior convictions. (cr Dkt. 77 ¶¶ 35-46); *see Innocent*, 977 F.3d at 1082 ("[F]elony convictions would have provided the government powerful evidence that [a defendant] knew he was a felon."); *Moore*, 954 F.3d at 1338 (prior § 922(g) conviction).

In summary, Fredericks' knowledge of his convicted felon status belies his *Rehaif* claim, and an indictment charging a violation of 18 U.S.C. § 922(g) is not defective for failing to reference § 924(a)(2). Accordingly, absent deficient performance and resulting prejudice, counsel was not ineffective in failing to raise these claims on appeal, and the procedural default is not excused. *See Nyhuis*, 211 F.3d at 1344.[5]

***Merits***

Even if Fredericks' default of Ground One is excused, he has not shown that he is entitled to relief. First, as noted, the Eleventh Circuit has held that an indictment charging an 18 U.S.C. § 922(g) offense is not defective for failure to reference § 924(a)(2). *See Moore*, 954 F.3d at 1337. Second, even if *Rehaif* required the Superseding Indictment to charge that Fredericks was aware that he was a convicted felon during the § 922(g) offense and the jury to be instructed that a conviction required such a finding, Fredericks has not established that any error affected his substantial rights or that there is a reasonable probability he would have obtained a different result absent the error.[6] (cv Dkt. 8 at 12-13 (acknowledging error under *Rehaif*)); *see, e.g., Innocent*, 977

---

[5] Additionally, Fredericks fails to provide evidence establishing that he is actually innocent of his crimes. *Bousley v. United States*, 523 U.S. 614, 624 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Further, although he asserts that this Court lacked "jurisdiction to adjudicate [him] guilty based on an indictment which failed to allege an offense against the United States," the Eleventh Circuit has held that the purported errors are not jurisdictional. (cv Dkt. 9 at 1-2); *see Moore*, 954 F.3d at 1336-37.

[6] Although the Eleventh Circuit has held that *Rehaif* did not announce a new rule of constitutional law that is retroactively applicable to cases on collateral review, *Rehaif* was decided after Fredericks was adjudicated guilty but prior to his sentencing and his conviction becoming final. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Gilmore v. Taylor*, 508 U.S. 333, 339-40 (1993) (noting that "a case that is decided after a defendant's conviction and

F.3d at 1082-84 (rejecting *Rehaif* claim on direct appeal based on defendant's knowledge that he was a felon); *Frady*, 456 U.S. at 166 ("[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."). Indeed, Fredericks does not assert that he was unaware that he was a convicted felon, and the record belies any such contention. Accordingly, he is not entitled to relief on this claim.

**Ground Two**

In Ground Two, Fredericks contends that "[t]rial counsel was ineffective for failing to request a *Remmer* hearing, 'due to outside influence on the jury.'" (cv Dkt. 1 at 5). He explains:

> During [his] jury *voir dire*, and [his] trial there was a rally a block from the courthouse, where people were distributing handbills about jury nullification and trial counsel had direct knowledge of this rally but still refused to request a *Remmer* hearing. No reasonable or compentted [sic] attorney would not have requested a *Remmer* hearing. There is a reasonable probability that the court would have ordered a hearing to be held.

(Id. (internal quotation marks and emphasis omitted)). His contentions are without merit.

In *Remmer*, the Supreme Court held that

> any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is . . . presumptively prejudicial. . . . The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

347 U.S. at 229 (citations omitted). To warrant a mistrial or new trial, "[t]he defendant has the burden to show that the jury has been exposed to extrinsic evidence or extrinsic contacts. Once the defendant establishes that such exposure in fact occurred, prejudice is presumed and the burden

---

sentence become final may not provide the basis for federal habeas relief if it announces a 'new rule'"). Even if *Rehaif* does apply to Fredericks, he is not entitled to relief in this § 2255 proceeding.

shifts to the government to rebut the presumption." *United States v. Ronda*, 455 F.3d 1273, 1299 (11th Cir. 2006) (citing *Remmer*). "A district court must conduct a *Remmer* hearing when there is evidence of outside influence." *Moore*, 954 F.3d at 1332 (internal quotation marks, citation, and emphasis omitted); *see also Crowe v. Hall*, 490 F.3d 840, 847 (11th Cir. 2007).

Even assuming counsel was aware of the purported rally, Fredericks does not explain how counsel's performance was deficient in failing to request a *Remmer* hearing. Notwithstanding his allegations that "people were distributing handbills about jury nullification" "a block from the courthouse," he has not shown that a *Remmer* hearing was warranted or would have resulted in a different outcome. He does not provide evidence that the jury was exposed to extrinsic evidence or extrinsic contacts, and he does not specify the nature of the handbill information about jury nullification or how it would have prejudiced his defense. *See, e.g., Dahn v. Reddish*, No. 1:05-CV-79 WLS, 2012 WL 3027106, at *2 (M.D. Ga. July 24, 2012) (finding that petitioner's speculation about juror bias failed to demonstrate credible evidence that the result of the proceeding would have been different had counsel requested *Remmer* hearing). In short, absent deficient performance and prejudice resulting from the claimed deficient performance, this ineffective assistance of counsel claim fails.

***Ground Three***

In Ground Three, Fredericks contends that "[c]ounsel was ineffective for failing to request a continue of sentence." (cv Dkt. 1 at 6-7). He explains that

> During [his] sentencing hearing, trial counsel raised objections, concerning [him] being classified as a "ACCA" based upon unapproved *Shepard* documents, which failed to show that [he] has the prior convictions to be sentenced under the ACCA, Act. The Court ask counsel, about whether counsel has any case laws at this time, counsel stated no but that he (counsel) can get them. The Court also ask the probation officer how long

8

> it would take her (officer) to provide the Court with a approve *Sherpard* [sic] document. It was unreasonable for counsel not to continue sentence.

(Id. at 6-7 (emphasis omitted)). His contentions are without merit.

Fredericks does not explain how counsel was ineffective in failing to request a continuance or how a continuance would have resulted in a different outcome at sentencing. As noted, counsel challenged the application of the ACCA, contending that Fredericks' Florida conviction for possession with intent to sell or deliver cocaine within 1,000 feet of a church could not support an enhancement because the judgment did not include the relevant statute. (cr Dkt. 97 at 6-11). The objection was overruled because the judgment sufficiently identified the offense of conviction, which was for a serious drug offense. (Id. at 16).[7]

Fredericks provides no authority finding counsel ineffective in failing to request a continuance to find caselaw. Further, he does not support the proposition that, notwithstanding the judgment's identification of the offense of conviction, its failure to include the criminal statute rendered it insufficient to determine whether the crime constituted a "serious drug offense." And he does not assert that he was not convicted of Fla. Stat. § 893.13(e)(1), which constitutes a serious drug offense. Last, he does not explain how allowing the United States to obtain additional *Shepard* documents would have resulted in a different outcome. In summary, because a continuance was not warranted and the ACCA enhancement was correctly applied, Fredericks has not shown that counsel rendered deficient performance or that he suffered resulting prejudice, and this claim of

---

[7] The Eleventh Circuit has held that Florida convictions for possession with intent to sell a controlled substance qualify as serious drug offenses. *See Smith*, 775 F.3d at 1267-68. As the United States observed, the judgment described Fredericks' offense as POSS/SEL/DEL cocaine 1000ft. CHUR, and there is no Florida statute proscribing possession of cocaine within 1,000 feet of a church. (cr Dkt. 97 at 8-9). Accordingly, this is unlike cases in which a judgment's failure to include the criminal statute rendered the judgment insufficient to determine the crime of conviction. *See, e.g., Dunlap v. United States*, 784 F. App'x 379, 387-89 (6th Cir. 2019).

ineffective assistance of counsel fails. *See Freeman v. Atty Gen., State of Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

**Ground Four**

In Ground Four, Fredericks contends that "[a]ppellant counsel was ineffective failing to dismiss indictment on direct appeal, 'structural error.'" (cv Dkt. 1 at 8). He explains that

> Counsel failed to raise the claim that the indictment failed to alleged that [he], "knowningly" [sic] knew his status as a convicted felon, counsels defiecent [sic] performance had a prejudicial effect upon [his] defense and trial, which was a structural error.

(Id.). He further asserts that appellate counsel "refuse[d] to raise this claim." (Id.). His contentions are without merit.

Fredericks cites no authority in support of his contention that appellate counsel was ineffective in "failing to dismiss [the] indictment on direct appeal."[8] As noted, his *Rehaif* claim lacks merit, and "[a]ppellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *Nyhuis*, 211 F.3d at 1344. Absent deficient performance and resulting prejudice, this ineffective assistance of counsel claim fails.

---

[8] Likewise, Fredericks has not shown that trial counsel was ineffective in failing to move to dismiss his Superseding Indictment or request a new trial when *Rehaif* was decided and before his conviction became final.

*Certificate of Appealability ("COA")*

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Fredericks to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Fredericks' constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Fredericks' § 2255 motion (cv Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment in the United States' favor and against Fredericks, and to **CLOSE** this case.

**DONE AND ORDERED** this __1st__ day of March, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record

11